**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TINA C. BINGHAM | ) | |
| | ) | **Civil Action No.** |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **Electronically Filed** |
| UNISON HEALTH PLAN | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

**COMPLAINT**

**NATURE OF THE ACTION, JURISDICTION AND VENUE**

1.     This is an individual action under the Americans With Disabilities Act of 1990, as amended (ADA)(42 U.S.C. 12101 et seq.),  §504of the Rehabilitation Act of 1973 (Rehab Act), as amended (29 U.S.C. §791 et seq.), the Civil Rights Act of 1866 (Section 1981), as amended (42 U.S.C. §1981), Title VII of the Civil Rights Act of 1964 (Title VII), as amended (42 U.S.C. §2000e et seq.), and the Pennsylvania Human Relations Act (PHRA), as amended (43 Pa. C.S.A. §951 et seq.), to correct unlawful employment practices on the basis of disability and race, and to make Plaintiff whole.

2.     Jurisdiction of this court is invoked pursuant to 28 U.S.C. §1331 and, for supplemental state claims, 28 U.S.C. §1367(a).  This action is authorized and instituted pursuant to the ADA, the Rehab Act, Section 1981, Title VII and the PHRA.

3.     The actions and policies alleged to be unlawful were committed in and around Pittsburgh, PA, where Plaintiff worked and where Defendant is located and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper.

4.    Plaintiff exhausted her administrative remedies by filing with the Equal Employment

Opportunity Commission and the Pennsylvania Human Relations Commission within the

respective statutory periods (300 days / 180 days) following the complained-of acts.  The

EEOC issued a Right to Sue and Plaintiff is filing this action within ninety (90) days of

having received the Right to Sue.  No exhaustion is required under Section 1981 or the

Rehab Act.

## PARTIES

5.    Plaintiff Tina C. Bingham (hereinafter referred to as "Plaintiff" or "Bingham"), has resided

at all relevant times at 23 Wood Street, Braddock, PA 15104.  Plaintiff was employed by

Defendant Unison Health Plan as a Customer Service Representative from on or about

April 21, 2008, until on or about July 20, 2009, when she was terminated.

6.    Defendant Unison Health Plan (hereinafter referred to as  "Defendant" or "Unison") is a

health insurance provider and maintains its offices at Unison Plaza, 1001 Brinton Road,

Pittsburgh, PA 15221.

7.    At all relevant times, Defendant has been subject to the ADA, the Rehab Act, Section 1981,

Title VII and the PHRA.

## BACKGROUND AND STATEMENT OF CLAIMS

8.    Plaintiff is a black female.

9.    Plaintiff was employed by Defendant from on or about April 21, 2008, until on or about July

20, 2009, when she was terminated.

10.     Plaintiff worked as a Customer Service Representative.

11.     Plaintiff possesses the necessary skills and qualifications to perform the essential

functions of a Customer Service Representative within Defendant's operations.

12.     Plaintiff performed her job satisfactorily throughout her employment.

13.     Plaintiff suffers from a significant medical condition.

14.     Plaintiff's condition significantly limits Plaintiff's ability to perform major life activities

(walking, sleeping, engaging in manual activity, working) as compared to the average

person.

15.     This condition is a substantial impairment within the meaning of the ADA, the Rehab Act

and the PHRA.

16.     Plaintiff has a history of such a substantial impairment within the meaning of the ADA, the

Rehab Act and the PHRA.

17.     Plaintiff has been regarded by Defendant as having such a substantial impairment within

the meaning of the ADA, the Rehab Act and the PHRA.

18.     Notwithstanding her substantial impairment, Plaintiff could and still can perform the

essential functions of her job as a Customer Service Representative either with or without

an accommodation.

19.     Management was aware of the substantial impairment.

20.     Plaintiff worked without any significant issues until March 2009 when she took medical leave.

21.     Plaintiff took medical leave from on or about March 16, 2009, until June 4, 2009, at which time Plaintiff returned to work with a modified schedule (4-hour work days).

22.     Plaintiff worked the modified schedule from on or about June 4, 2009, until on or about July 20, 2009.

23.     On July 21, 2009, Plaintiff reported to work and was told to go home because Defendant could no longer accommodate her (4-hour work days).

24.     Defendant made no effort to engage in the interactive process prior to the denial of the accommodation.

25.     It was not an undue hardship for Defendant to make the requested accommodation.

26.     Defendant refused to allow Plaintiff to work unless and until she was able to work full 8-hour shifts.

27.     The refusal was tantamount to a termination.

28.     The termination was in violation of the ADA, the Rehab Act and the PHRA.

29.     In addition to Plaintiff's claim for disability discrimination, Plaintiff also has a claim for race discrimination under Section 1981, Title VII and the PHRA.

30.     Plaintiff was placed on FMLA by Rebecca Vaughn, Manager, because Plaintiff's doctor did not progressively change Plaintiff's restrictions to 6 or more hour work days.

31.     Plaintiff's co-worker, a white female, has been on intermittent leave for approximately 2 years and is still employed by Defendant.

32.     The termination was in violation of the ADA, the Rehab Act, Section 1981, Title VII and the PHRA.

33.     Plaintiff is seeking lost wages, compensatory and punitive damages, attorney's fees and costs.

<u>COUNT I:  DISABILITY DISCRIMINATION (ADA/REHAB ACT/PHRA) -
FAILURE TO ACCOMMODATE</u>

34.     Plaintiff hereby incorporates Paragraphs 1 through 33 of her Complaint as though the same were more fully set forth at length herein.

35.     Plaintiff is a qualified individual with a disability.

36.     Plaintiff requested a reasonable accommodation.

37.    Defendant failed to engage in the interactive process.

38.    Defendant failed to make a good faith effort to make a reasonable accommodation.

39.    Plaintiff could perform the essential functions of her position with a reasonable accommodation.

40.    It was not an undue hardship for Defendant to make the accommodation.

41.    Defendant's refusal to make a reasonable accommodation was in violation of the ADA, the Rehab Act and the PHRA.

42.    Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

43.    Plaintiff is entitled to lost wages and benefits unlawfully denied, compensatory damages, punitive damages, interest and other appropriate relief, including reinstatement.

<u>COUNT II:  DISABILITY DISCRIMINATION (ADA/REHAB ACT/PHRA) -</u>
<u>DISCRIMINATORY DISCHARGE</u>

44.    Plaintiff hereby incorporates Paragraphs 1 through 43 of her Complaint as though the same were more fully set forth at length herein.

45.    Plaintiff is a qualified individual with a disability (real, history, perceived).

46.     Defendant terminated Plaintiff (refused to permit Plaintiff to continue to work with a modified schedule).

47.     The reason for Plaintiff's termination was her disability status, Defendant's prejudice against individuals with disabilities and its desire not to have to accommodate Plaintiff's disabilities.

48.     Defendant knew its actions against Plaintiff were in violation of the ADA, the Rehab Act and the PHRA.

49.     Plaintiff has suffered tangible and intangible losses resulting from Defendant's violation of the law: loss of job and pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

50.     Plaintiff is entitled to lost wages and benefits unlawfully denied, compensatory damages, punitive damages, interest and other appropriate relief, including reinstatement.

## COUNT III:  RACE DISCRIMINATION (SECTION 1981/TITLE VII / PHRA)

51.     Plaintiff hereby incorporates by reference Paragraphs 1 through 50 of her Complaint as though the same were more fully set forth herein.

52.     Plaintiff is in a protected class based on race (black).

53.     Plaintiff is qualified for the position in question (Customer Service Representative).

54.     Plaintiff suffered adverse actions, i.e., treated less favorably than a white co-worker and

        retaliated against in the form of unwarranted disciplinary actions, including termination.

55.     Plaintiff was treated less favorably than whites in similar circumstances.

56.     The adverse actions, and disparate treatment, were taken by Defendant because of

        Plaintiff's race.

57.     Defendant's actions were in violation of Section 1981's, Title VII's and the PHRA's

        prohibition against race discrimination.

58.     Defendant knew its actions against Plaintiff were in violation of the law.

59.     Plaintiff has suffered tangible and intangible losses resulting from Defendant's violations

        of the law: loss of promotion; loss of pay; loss of business opportunities; loss of

        promotional opportunities; humiliation; mental anguish; and, damage to reputation.

60.     Plaintiff is seeking lost wages, lost business opportunities, compensation for pain and

        suffering, punitive damages, attorney's fees and costs.

61.     Defendant's violations of the law were knowing and willful and with malicious intent.

## PRAYER FOR RELIEF

62.     WHEREFORE, Plaintiff respectfully requests that this Court:

        A.      Grant a permanent injunction enjoining Defendant, its officers, successors, and

assigns and all persons in active concert or participation with them from engaging in unlawful employment actions or practices which violate the ADA, the Rehab Act, Section 1981, Title VII and the PHRA.

B.    Order Defendant to make Plaintiff whole by paying appropriate back pay with prejudgment interest, in amounts to be proven at trial, compensatory damages, punitive damages (ADA), and other affirmative relief necessary to eradicate the effects of its unlawful employment practices based on disability.

C.    Order Defendant to pay the costs and reasonable attorney's fees incurred by Plaintiff.

D.    Grant such further relief as the Court deems necessary and proper.

Respectfully submitted,


  s/Joseph H. Chivers
Joseph H. Chivers, Esquire
PA ID No. 39184
Suite 1010
100 First Avenue
Pittsburgh, PA  15222-1514
jchivers@employmentrightsgroup.com
(412) 227-0763 / (412) 281-8481 FAX

Counsel for Plaintiff
Tina C. Bingham

Dated: August 10, 2010